FILED

2015 JUN -8  PM 3: 47

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TH                    DEPUTY

1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 PAUL MICHAEL MASON, Inmate No. 15715609, | Civil No.   15-cv-01238 WQH (NLS) |
| 12 | |
| 13                                        Plaintiff, | **ORDER DENYING MOTION TO** |
| 14                     vs. | **PROCEED** *IN FORMA PAUPERIS* **PURSUANT TO 28 U.S.C. § 1915(a)** |
| 15 | **[ECF Doc. No. 2]** |
| 16 SAN DIEGO CENTRAL JAIL, et al., | |
| 17                                        Defendants. | |

18

19         Paul Michael Mason ("Plaintiff"), currently housed at the San Diego Central Jail

20  located in San Diego, California, and proceeding pro se, has filed a civil rights complaint

21  ("Compl.") (ECF Doc. No. 1).

22         Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a);

23  instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28

24  U.S.C. § 1915(a) (ECF Doc. No. 2).

25  **I.     MOTION TO PROCEED IFP**

26         All parties instituting any civil action, suit or proceeding in a district court of the

27  United States, except an application for writ of habeas corpus, must pay a filing fee of

28

1  $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to

2  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

3  § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

4  However, if the plaintiff is a prisoner at the time of filing, even if he is granted

5  leave to proceed IFP, his filing fees are not "waived." Instead, he may be permitted to

6  commence suit, but remains obligated by statute to pay the entire fee in "increments," *see*

7  *Williams*, 775 F.3d at 1185, regardless of whether his case is ultimately dismissed. *See*

8  28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

9  A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or

10  detained in any facility who is accused of, convicted of, sentenced for, or adjudicated

11  delinquent for, violations of criminal law or the terms or conditions of parole, probation,

12  pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

13  Prisoners who seek leave to proceed IFP must also submit a "certified copy of the

14  trust fund account statement (or institutional equivalent) for ... the 6-month period

15  immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the

16  certified trust account statement, the Court assesses an initial payment of 20% of (a) the

17  average monthly deposits in the account for the past six months, or (b) the average

18  monthly balance in the account for the past six months, whichever is greater, unless the

19  prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850.

20  Thereafter, the institution having custody of the prisoner collects subsequent payments,

21  assessed at 20% of the preceding month's income, in any month in which the prisoner's

22  account exceeds $10, and forwards them to the Court until the entire filing fee is paid.

23  *See* 28 U.S.C. § 1915(b)(2).

24  While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a),

25  he has not attached a certified copy of his trust account statements, or an institutional

26

27  [1] In addition to the $350 statutory fee, civil litigants must pay an additional

28  administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  equivalent, for the 6-month period immediately preceding the filing of his Complaint.

2  *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires

3  that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall*

4  submit a certified copy of the trust fund account statement (or institutional equivalent)

5  ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.

6  § 1915(a)(2) (emphasis added).

7          Without Plaintiff's trust account statement, the Court is simply unable to assess

8  the appropriate amount of initial filing fee which is statutorily required to initiate the

9  prosecution of this civil action. *See* 28 U.S.C. § 1915(b)(1).

10  **II.     CONCLUSION AND ORDER**

11          For these reasons, IT IS ORDERED that:

12          (1)     Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) is DENIED and the

13  action is DISMISSED without prejudice for failure to prepay the $400 filing fee required

14  by 28 U.S.C. § 1914(a).

15          (2)     Plaintiff is GRANTED forty-five (45) days from the date of this Order in

16  which to re-open his case by either: (1) paying the entire $400 statutory and

17  administrative filing fee, **or** (2) filing a new Motion to Proceed IFP, *which includes a*

18  *certified copy of his trust account statement for the 6-month period preceding the filing*

19  *of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

20          (3)     The Clerk of the Court is DIRECTED to provide Plaintiff with a Court-

21  approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this

22  matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and

23  files the attached Motion to Proceed IFP, *together with a certified copy of his trust*

24  *account statement within 45 days*, this action will remained dismissed without prejudice

25  pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

26

27  DATED: ___6/8/15___     _____

28                              HON. WILLIAM Q. HAYES
                              United States District Judge